O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:16-CV-03383 (VEB)

EILEEN MARQUEZ,

                Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

               Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In October of 2014, Plaintiff Eileen Marquez applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Eliot Samulon, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 25, 26). On September 27, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 24).

## II. BACKGROUND

Plaintiff applied for benefits on October 21, 2014, alleging disability beginning January 1, 2006. (T at 163-64).[2]  The application was denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On August 17, 2015, a hearing was held before ALJ Paul Coulter. (T at 42). Plaintiff appeared with her attorney and testified. (T at 54- 67).   The ALJ also received testimony from Dr. John Dusay, a medical expert (T at 45-54), and from a vocational expert. (T at 67-69).

On November 12, 2015, the ALJ issued a written decision denying the application for benefits.   (T at 16-31). The ALJ's decision became the

---

[2] Citations to ("T") refer to the administrative record at Docket No. 17.

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

Commissioner's final decision on March 22, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On May 17, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on October 18, 2016. (Docket No. 16). The parties filed a Joint Stipulation on April 17, 2017. (Docket No. 22).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for further proceedings.

### III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 21, 2014, the application date. (T at 21).  The ALJ found that Plaintiff's depression, anxiety, history of alcohol abuse, and adjustment disorder with depressed mood were "severe" impairments under the Act. (Tr. 21).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 21).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that she was

limited to occasional interaction with co-workers and supervisors and occasional interaction with the general public. (T at 22).

The ALJ determined that Plaintiff could not perform her past relevant work as a dental assistant. (T at 26). Considering Plaintiff's age (53 years old on the application date), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 26).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between October 21, 2014 (the application date) and November 17, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 27). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.      Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 22, at p. 3), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she argues that the ALJ's consideration of the medical evidence was flawed.  Second, she challenges the ALJ's credibility determination.

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

Third, Plaintiff asserts that the ALJ's step five analysis was in error. This Court will address each argument in turn.

## IV. ANALYSIS

### A. Medical Evidence

An ALJ's assessment of the claimant's residual functional capacity ("RFC") will be upheld if the ALJ has applied the proper legal standard and substantial evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

#### 1. ALJ's Assessment

Plaintiff alleges disability based on depression, anxiety, and panic attacks. (T at 22). The ALJ found that Plaintiff did have severe mental health impairments, but determined that she retained the RFC to perform work with non-exertional restrictions related to her interaction with co-workers, supervisors, and the general public. (T at 22).

In reaching this conclusion, the ALJ afforded some weight to the assessment of Dr. Larisa Levin, a consultative psychiatric examiner. (T at 25). In February of

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

2015, Dr. Levin examined Plaintiff and opined that she could understand, remember, and carry out simple one-to-two step instructions; was not significantly impaired in her ability to do detailed and complex instructions; was mildly impaired with regard to relating and interacting with supervisors, co-workers, and the public; was not significantly impaired as to maintaining attention, concentration, and pace; was not significantly impaired with regard to day-to-day work activity, including attendance and safety; was not significantly impaired in her ability to adapt to stresses common to a normal work environment; was not significantly impaired in her ability to maintain regular attendance in the workplace and perform work activities consistently; and was not significantly impaired as to performing work activities without special or additional supervision. (T at 284).

In general, Dr. Levin concluded that Plaintiff had "mild functional limitation" from a psychiatric standpoint and characterized her prognosis as "fair." (T at 284). Dr. Levin assigned a Global Assessment of Functioning ("GAF") score[3] of 52 (T at 283), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008).

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

The ALJ assigned great weight to the opinion of Dr. John Dusey, a non-examining medical expert who testified at the administrative hearing. (T at 25). Dr. Dusey generally agreed with Dr. Levin's assessment, but opined that Plaintiff would have moderate limitation as to interactions with supervisors, co-workers, and the public. (T at 45-50). This translated into a limitation to no more than occasional social interaction. (T at 47-48).

This Court finds that ALJ's assessment of Plaintiff's mental health limitations was flawed and needs to be revisited on remand.

### 2.     Dr. Dusey – Incomplete Record

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

In this case, Plaintiff was treated for depression and anxiety at Kaiser Permanente for several years, starting in at least September of 2006 and continuing through the time of the administrative hearing in August of 2015. (T at 1524, 2785). However, due to a misunderstanding, the records produced by Kaiser Permanente

prior to the administrative hearing only included the records of Plaintiff's treatment for her physical impairments. The error was discovered and extensive records of Plaintiff's mental health treatment were produced, but they were not received until after the hearing. (T at 46-47, 49, 70, 1512-2789).

The ALJ was aware of the missing records problem during the hearing. (T at 46-47, 49). Nevertheless, the hearing proceeded and the ALJ obtained testimony from Dr. Dusay, as a psychiatric medical expert. Dr. Dusay explained that he "did not see a consistent history" of psychiatric treatment in the records he had reviewed. (T at 48). When the ALJ explained that there were psychiatric records that had not been received, Dr. Dusay replied: "Those would be most helpful, I think." (T at 49). When asked about the weight that should be afforded to the consultative examiner's opinion, Dr. Dusay explained: "I don't put as much weight on the consulting exam as I do on the treating exams. And I think the Kaiser records may be very helpful, I just don't have them." (T at 50). Later in the hearing, Dr. Dusay agreed that it would be "best" to review the Kaiser mental health records and explained that he thought those records "would be important." (T at 52).

The ALJ received and reviewed the Kaiser mental health records after the conclusion of the hearing. He decided not to provide the records to Dr. Dusay and proceeded to render a decision denying benefits. The ALJ found that the new

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

evidence "does not impact [the] medical expert testimony." (T at 24).  This was error.

"The ALJ is a layperson, not a doctor." *McKeithen v. Berryhill*, No. EDCV 16-2224 SS, 2017 U.S. Dist. LEXIS 187355, at *15 (C.D. Cal. Nov. 13, 2017).  The ALJ decided to give "great weight" to Dr. Dusey's opinion (T at 24), even though, by the doctor's own testimony, his opinion was based on an incomplete record that lacked "important" documents. (T at 52).

Further, the ALJ's reasoning for finding it unnecessary to give Dr. Dusey the opportunity to review the extensive mental health record is flawed.  For example, the ALJ noted the records indicated that Plaintiff was inconsistent in keeping mental health appointments and taking medications. (T at 24).  However, the ALJ did not adequately consider the fact that the inability to consistently attend to mental health treatment might itself be evidence of the underlying impairments. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996)("[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.")(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)).

The ALJ also noted that the records documented a "wax and wane" of symptoms, with periods of sustained improvement. (T at 24).  However, the Ninth

Circuit has cautioned against relying too heavily on the "wax and wane" of symptoms in the course of mental health treatment. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Id.*; *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

The ALJ must interpret evidence of improvement "with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Id.*

In sum, the ALJ believed that the extensive mental health records provided subsequent to the hearing did not "contradict" Dr. Dusay's opinion that Plaintiff's mental health limitations were generally mild, with some moderate impairment in social functioning. (T at 47). This represents the ALJ's lay assessment of that evidence, which on its face, contradicts Dr. Dusay's testimony that reviewing those records would be "important." (T at 52). Further, as discussed above, several of the

reasons cited by the ALJ for reaching this conclusion (e.g. inconsistent treatment, wax and wane of symptoms) were unavailing.

Lastly, the ALJ did not address several aspects of the mental health record that certainly seem to contradict an assessment of mild to moderate impairment. For example, treating psychiatrists and mental health therapists certified on several occasions to the Los Angeles County Department of Mental Health and General Relief that Plaintiff could not be gainfully employed. (T at 1834, 1925, 2011, 2347). In March of 2012, Dr. Adelene James, a treating psychiatrist, assigned a GAF score of 50 (T at 2141-42), which is indicative of serious impairment in social, occupational or school functioning. *Haly v. Astrue,* No. EDCV 08-0672, 2009 U.S. Dist. LEXIS 76881, at *12-13 (Cal. CD Aug. 27, 2009). Dr. Paul Riskin, another treating psychiatrist, reported that he "encouraged" Plaintiff to "go to social security and find out about disability." (T at 2466).

It was error for the ALJ to rely on Dr. Dusey's assessment without calling upon him to revisit that assessment in light of the extensive mental health treatment record, which the doctor himself deemed important. This must be addressed on remand.

## B.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:  She was 54 years old at the time of the administrative hearing. (T at 54).  She is separated, with two grown children. (T at 54).  She lives in an apartment with her mother. (T at 54-55).  She helps with

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

cleaning and laundry, but does not cook or go shopping. (T at 55). She takes medication to help with sleep problems, anxiety, and depression. (T at 56). Her last employment was in 2005. (T at 57). Panic attacks are a frequent occurrence and can last an hour. (T at 58-60). She is depressed "all the time" and feels "sad and stressed." (T at 60). She likes to read and benefits from time with her emotional aid dogs. (T at 61). Concentration can be difficult. (T at 63). She has a difficult relationship with her mother. (T at 64). Her medications make her irritable and rude. (T at 64-65). Financial problems make it difficult to pay for her medical treatment. (T at 65).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but found that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 22).

The ALJ's credibility determination must be revisited on remand. First, to the extent the ALJ found Plaintiff's subjective complaints contradicted by Dr. Dusey's assessment, that finding was flawed because the ALJ did not afford Dr. Dusey an opportunity to review the entire record, as discussed further above.

Second, the ALJ appears to have discounted Plaintiff's credibility because of her difficulty in complying with mental health treatment, including keeping

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

appointments.  However, the ALJ did not give sufficient consideration regarding the extent to which this non-compliance was caused by Plaintiff's mental health problems and financial difficulties.  This was error under SSR 96-7p.  Under that ruling, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id.; see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S. Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009)(noting that "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner").

An ALJ's duty to develop the record in this regard is significant because there are valid reasons why a claimant might not follow a treatment recommendation. For example, "financial concerns [might] prevent the claimant from seeking treatment [or] . . . . the claimant [may] structure[] his daily activities so as to minimize symptoms to a tolerable level or eliminate them entirely." *Id.*

Third, as noted above, the ALJ relied on the "wax and wane" of symptoms as a reason for discounting Plaintiff's credibility without adequately accounting for the fact that this is an expected (and, sadly, all too common) feature of mental illness.

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

Fourth, the ALJ relied on Plaintiff's "rather wide-ranging daily activities" to discount her credibility, without considering the extent to which those activities would translate into the ability to perform work activities on a sustained basis. (T at 25). Although there was evidence that Plaintiff was periodically able to care for her granddaughter and may have attended some college classes, there was also evidence of significant, sustained difficulties with stress and interpersonal relationships. The ALJ was thus obliged to give careful consideration regarding the extent to which Plaintiff's occasional ability to perform these activities was a function of her ability to structure her situations, as opposed to evidence of ability to meet the demands of work activity. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

The credibility determination thus needs to be revisited on remand.

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

**C.    Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ's step 5 analysis is based on the vocational expert's response to a hypothetical that incorporated the limitations set forth in the RFC determination. (T at 67-68). The ALJ's RFC determination must be revisited in light of the issues

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

outlined above related to Dr. Dusey's opinion and the assessment of Plaintiff's credibility. Accordingly, the step five analysis will need to be reviewed on remand.

**D. Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. Although the additional mental health records should certainly have been presented to Dr. Dusey for review, and while Plaintiff's credibility should have been more carefully considered, this Court cannot say for certain that Plaintiff is disabled within the meaning of the Social Security Act. There is no doubt her impairments cause some material limitation in her ability to perform basic work activities, but the extent of that limitation is best determined in the first instance by the Commissioner, informed by medical expert assistance following a review of the full record. As such, a remand for further proceedings is the right remedy here.

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 20th day of December 2017.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – MARQUEZ v BERRYHILL 2:16-CV03383-VEB